# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| GORDON L.NEWKIRK, JR., | : | |
| Plaintiff, | : | CASE NO. 3:24-cv-735 (MPS) |
| | : | |
| v. | : | |
| | : | |
| PAUL R. DOYLE, et al., | : | |
| Defendants. | : | June 7, 2024 |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff Gordon L. Newkirk, Jr., a pretrial detainee incarcerated at MacDougall-Walker Correctional Institution, filed this case under 42 U.S.C. § 1983 naming three defendants, Superior Court Judge Paul R. Doyle, Commissioner of the Connecticut State Judicial Marshal Services Donovan Murphy, and Public Defender Hilary Carpender. The plaintiff asserts three distinct claims: Judge Doyle set an excessive bond, pretrial inmates are held in holding cells under unconstitutional conditions, and his public defender is ineffective. The plaintiff seeks damages and injunctive relief.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless of whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is

proceeding *in forma pauperis.*

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the Court orders as follows.

## I.    Allegations

While the Court does not set forth all of the facts alleged in the plaintiff's Complaint (ECF No. 1), it summarizes his basic factual allegations here to give context to this ruling.

Judge Doyle twice has raised bonds set for the plaintiff by other judges, on one charge from $250,000.00 to $450,000.00, and on another from $100,000.00 to $1,500,000.00. *Id.* at 3.

State judicial marshals pick up inmates from the jails where they are being held at about 7:00 a.m. and do not return them from court until 5:00 or 6:00 p.m. *Id*. at 4. During the entire time, the inmates are required to wear leg irons. *Id.* The inmates' court appearances take only about five minutes. *Id.* For the rest of the day, they must stand or sit on a concrete or iron bed with no mattress. *Id.* The inmates are not allowed, books, television, or internet access. *Id.*

Public Defender Hilary Carpender has represented the plaintiff since 2019. *Id.* She failed to file a motion for the release of the plaintiff's property that was seized without a warrant and failed to return medical records and legal work the plaintiff gave her. *Id.* In addition, she permitted an agreement for conditional discharge to "fall through." *Id.*

## II.    Discussion

The plaintiff asserts one claim against each defendant. In addition to damages, he seeks orders that the Marshal Services remove leg irons when inmates are in the holding cells and provide them law books and reading materials. He also seeks better oversight of public

defenders.

As an initial matter, the Court notes that the complaint does not comply with the Court's rules on joinder of claims. Federal Rule of Civil Procedure 20 permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Dixon v. Scott Fetzer Co.*, 317 F.R.D. 329, 331 (D. Conn. 2016) (citation and quotation marks omitted). The "same transaction" requirement means that there must be some allegation that the joined defendants "conspired or acted jointly." *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) (citation and quotation marks omitted). As the Second Circuit has observed in the Rule 13 context, whether a counterclaim arises out of the same transaction as the original claim depends on the logical relationship between the claim and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

Although the plaintiff may believe that his claims are sufficiently related as they all concern events that occurred when he was brought to state court, the claims are topically unrelated. Each claim involves a different defendant and would involve different law and facts. Thus, it is inappropriate to assert all of the claims in one action. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 264 (D. Conn. 2012) (severance may be appropriate where

3

claims "arise from different circumstances and would require separate analyses").  As the asserted claims appear improperly joined, some of them are subject to dismissal under Federal Rule of Civil Procedure 21 which provides that the Court may sever claims or parties that are misjoined.

### A.    Judge Doyle

The plaintiff alleges that Judge Doyle set excessive bail because he is African American. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." *Mirales v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted). "The law affords judges absolute immunity from personal liability for acts 'committed within their judicial jurisdiction,' however erroneous the act and regardless of motivation." *Tapp v. Champagne*, 164 F. App'x 106, 107-08 (2d Cir. 2006) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

There are two exceptions to this judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune [from] actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. The plaintiff's claim, however, does not satisfy either exception as the setting of bail was done in Judge Doyle's judicial capacity.

The claim against Judge Doyle is dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### B.    Commissioner Donovan

The plaintiff challenges the conditions under which he was held in a courthouse holding cell. He alleges that for the entire day, from the time he was picked up at his correctional facility

4

in the morning until his return at night, he was held in leg irons, a total of 10-11 hours. The plaintiff also alleges that he had to stand or sit on a hard bed while in the holding cell at court and was not provided reading materials or other entertainment. He names the Commissioner of the State Judicial Marshal Service, a supervisory official, as the only defendant on this claim.

There is no special rule for supervisory liability. The "plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' ... The violation must be established against the supervisory official directly." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). In other words, the plaintiff must allege facts showing that the defendant violated the plaintiff's constitutional rights by his own actions, not because he supervised others who committed the violation. *Id.* at 619. Thus, defendant Murphy would not be liable if he merely was aware of the conditions but could be liable if he instituted the practices with the required culpable mental state. *See Stone #1 v. Annucci*, No. 20-CV-1326(RA), 2021 WL 4463033, at *8-9 (S.D.N.Y. Sept. 28, 2021).

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* Indeed, although the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly

give rise to an entitlement to relief," ... the court is "not bound to accept conclusory allegations[.]" *Faber v. Metro Life Ins. Co*., 648 F.3d 98, 104 (2d Cir .2011) (internal quotation marks omitted).

The plaintiff merely describes the conditions in the holding cell. He alleges no facts permitting the Court to determine whether defendant Murphy ordered the conditions or even was aware of the conditions. The plaintiff's assumption that defendant Murphy is responsible for the conditions is insufficient to state a plausible claim against defendant Murphy.

C.    **Public Defender Carpender**

The plaintiff alleges that defendant Carpender, his public defender, was negligent and ineffective in her representation. To state a cognizable section 1983 claim the plaintiff must allege facts showing that the defendant deprived him of a constitutionally protected right while the defendant was acting under color of state law. *See* 42 U.S.C. § 1983; *Gidron v. Calle*, 35 F. App'x 30, 31 (2d Cir. 2002).  However, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Tapp*, 164 F. App'x at 108.

The law recognizes an exception to this rule if the public defender conspired with a state actor to violate the plaintiff's constitutional rights. *See Schorch v. Scattaretico-Naber*, No. 7:24-CV-2294(CS), 2024 WL 2221383, at *4 (S.D.N.Y. May 16, 2024)  ("[A]bsent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's legal representation of a private person does not constitute state action for the purposes of stating a claim under Section 1983 against that attorney, regardless of whether that attorney is privately retained,

court-appointed, or employed as a public defender.") (citing *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004)). The plaintiff alleges no facts suggesting that defendant Carpender conspired with any state actor. Thus, his claim against her is not cognizable under section 1983 and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**III.**    **Conclusion**

The claims against defendants Doyle and Carpender are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The claim against defendant Murphy is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff may file an amended complaint asserting only a claim against defendant Murphy regarding confinement in the court holding cells if he can allege facts showing that defendant Murphy created the policy under which he was confined and did so with the required culpable mental state. Any amended complaint shall be filed within thirty days from the date of this order.

If no amended complaint is filed within that time, the Clerk is directed to close this case.

**SO ORDERED** this  7th day of June 2024 at Hartford, Connecticut.

                         /s/
                         _____
                         Michael P. Shea
                         United States District Judge

7