UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GORDON L. NEWKIRK, JR., <br> Plaintiff, | : <br> : <br> : | CASE NO. 3:24-cv-735 (MPS) |
| v. | : <br> : | |
| PAUL R. DOYLE, et al. <br> Defendants. | : <br> : <br> : | FEBRUARY 14, 2025 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

**I.   Introduction**

The plaintiff, Gordon L. Newkirk, Jr., commenced this action against four defendants asserting three distinct claims. On initial review, the Court permitted only the claim for unconstitutional conditions of confinement against Commissioner of the Connecticut State Judicial Marshal Services Donovan Murphy to proceed. Defendant Murphy has filed a motion to dismiss on the grounds that the plaintiff has failed to state a cognizable claim and that he is protected by qualified immunity. For the following reasons, the motion to dismiss is granted.

**II.   Standard**

To withstand a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a plausible claim, the complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level." *Nielsen v.*

*AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court assumes that the factual allegations are true, but legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* When reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). In general, courts "do not look beyond facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Id.* (citation, quotation marks, and ellipses omitted).

### III.   Facts

The following facts from the Amended Complaint are relevant to the remaining claims.

The plaintiff suffers from Crohn's disease. ECF No. 14, ¶ 1. When he arrived at the holding cell at state court in Hartford on April 4, 2024, he asked the judicial marshal on duty to remove his leg irons to enable him to use the toilet in his single cell. *Id.* The marshal referred him to Lieutenant Johnson who denied the request. *Id.* The plaintiff got blood on his jumpsuit and was required to remain in the soiled jumpsuit until he returned to his correctional facility that evening. *Id.* The plaintiff alleges "Defendant Donovan Murphy Commissioner of the

2

Connecticut Marshal Service put these restrictions in place or kept them in place from previous administration." *Id.*

In state court in New Britain, inmates must wear leg irons during the entire day, both when they are in the holding cells and when in court. *Id.* ¶ 2. Also, a marshal handcuffed the plaintiff "upside down so your right hand palm is facing left hand palm thumb on each side," a very uncomfortable position. *Id.*

Finally, on June 9, 2009, when the new commissioner assumed office and before the new Hartford Police Station was completed, pretrial inmates were required to remain overnight in a single cell wearing leg irons and without mattresses. *Id.* ¶ 3.

IV.    Discussion

Defendant Murphy moves to dismiss all remaining claims on two grounds—failure to state a cognizable claim and qualified immunity. As the Court concludes that Defendant Murphy is protected by qualified immunity, it does not address the merits of the plaintiff's claims.

Qualified immunity "protects government officials 'from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). That is, the qualified immunity doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The courts "apply a two-step analysis to determine whether qualified immunity bars a plaintiff's claim against government officials for civil damages related to actions taken in the course of their official duties." *Sabir v. Williams*, 52 F.4th 51, 58 (2d Cir. 2022). "Under that

3

test, qualified immunity shields a defendant-official from money damages unless the 'plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Tanvir v. Tanzin*, 120 F.4th 1049, 1060 (2d Cir. 2024) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). The court may exercise its discretion in determining which part of the analysis to address first. *Id*.

Qualified immunity may be asserted on a motion to dismiss because "qualified immunity provides government officials 'immunity from suit rather than a mere defense to liability.'" *Looney v. Black*, 702 F.3d 701, 705 (2d Cir. 2012) (quoting *Pearson*, 555 U.S. at 231). However, a defendant asserting a qualified immunity defense on a motion to dismiss must overcome a "formidable hurdle," *Horn v. Stephenson*, 11 F.4th 163, 169-70 (2d Cir. 2021), as "'the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.'" *Neary v. Wu*, 753 F. App'x 82, 84 (2d Cir. 2019) (quoting *McKenna*, 386 F.3d at 436). A defense of qualified immunity will support a motion to dismiss, therefore, only if the plaintiff cannot state any facts that would prevent application of qualified immunity. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004),

The Court determined on initial review of the Amended Complaint that it lacked sufficient facts to assess whether Defendant Murphy possessed the requisite culpable mental state to support a Fourteenth Amendment claim and permitted the claim to proceed to discovery to develop the record. Thus, the Court will not now consider whether the Amended Complaint states a cognizable constitutional claim. Instead, the Court will consider whether any possible right to be free from wearing leg irons for the entire day when attending court was clearly established.

"In determining if a right is clearly established [the court] looks to whether (1) it was defined with reasonable clarity, (2) the Supreme Court of the Second Circuit has confirmed the existence of the right, and (3) a reasonable defendant would have understood that his conduct was unlawful." *Connecticut Citizens Def. League, Inc. v. Thody*, No. 23-724-CV, 2024 WL 177707, at *5 (2d Cir. Jan. 17. 2024) (quoting *Doninger v. Niehoff*, 642 F.3d 334, 345 (2d Cir. 2011) (internal quotation marks omitted)). If there is no controlling authority, the plaintiff must show "a robust consensus of cases of persuasive authority." *Id*. (quoting *Al-Kidd*, 563 U.S. at 742 (internal quotation marks omitted). The cases need not show that the exact action is unlawful; but "in the light of pre-existing law the unlawfulness must be apparent." *Id*. (quoting *Doninger*, 642 F.3d at 346 (internal quotation marks omitted).

Defendant Murphy argues that there are no Second Circuit or Supreme Court cases holding that a supervisory official's alleged failure to change existing policy regarding leg irons or creating a policy under which an inmate remains in leg irons for an entire day violates the constitution. The Court's research also has revealed no Second Circuit or Supreme Court cases or a consensus of cases of persuasive authority. In opposition, the plaintiff states that the motion should be denied for three reasons: to ascertain the facts on pretrial confinement, because the practice continues, and because Defendant Murphy is the supervisor and sets all rules. The plaintiff does not address the dispositive issue, i.e., whether a reasonable official would understand that the practice is unconstitutional. Thus, the Court concludes that, even if the plaintiff has such a right, it is not clearly established, and Defendant Murphy is protected by qualified immunity.

## V. Conclusion

Defendant Murphy's motion to dismiss [**ECF No. 18**] is **GRANTED** on the ground that Defendant Murphy is protected by qualified immunity. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 14th day of February, 2025 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge